# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14 CR 08-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| SCOTT BRADDOCK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#66) filed by the United States Probation Office on October 3, 2014 alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Stephen Lindsay, and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of information filed on February 24,

1

2014 in count one with introducing into interstate commerce drugs which were misbranded, in violation of 21 U.S.C. § 331(a) and 331(c), in count two of the bill of information, Defendant was charged with offering for sale drug paraphernalia, in violation of 21 U.S.C. § 863.  On March 5, 2014, Defendant was released by the undersigned on a $25,000 unsecured bond.  The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On March 5, 2014, pursuant to the terms of a plea agreement, Defendant entered a plea of guilty (#20) to count one as contained in the bill of information. Defendant was continued on terms and conditions of presentence release pending sentencing.

On September 30, 2014 a criminal complaint was issued by Dennis H. Inman, United States Magistrate Judge for the Eastern District of Tennessee, Greeneville Division.  In the criminal complaint it is alleged that Defendant did, knowingly and intentionally, combine, conspire and agree with others to distribute

and possess with intent to distribute a detectable amount of a-PVP, a schedule I controlled substance, in violation of 21 U.S.C. § 841(1) and a schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32). A warrant for arrest was issued for the Defendant by Judge Inman and Defendant was brought before the undersigned and a removal hearing was conducted on October 6, 2014.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal crime while on release. Pursuant to the

allegations contained in a criminal complaint, it appears that there is probable cause to believe that Defendant violated federal law by possessing with intent to distribute a schedule I controlled substance and a schedule I controlled substance analogue, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(C). Due to the fact there is probable cause to believe Defendant committed a federal felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required that he refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. The possession of a-PVP violated the terms and conditions of his presentence release in that he possessed a narcotic drug which is not prescribed by any licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created, and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon

Defendant's actions, that it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of presentence release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: October 9, 2014

Dennis L. Howell
United States Magistrate Judge